IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| **DARIO RUBEN LALA BARROS,** § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | **CAUSE NO. EP-25-CV-488-KC** |
| § | |
| **KRISTI NOEM et al.,** § | |
| § | |
| Respondents. § | |

## SHOW CAUSE ORDER & PREVENTING PETITIONER'S REMOVAL FROM THE COUNTRY & DISTRICT

On this day, the Court considered Petitioner Dario Ruben Lala Barros' Petition for a Writ of Habeas Corpus ("Petition"), ECF No. 1, and his Motion for Temporary Restraining Order or Preliminary Injunction ("Motion"), ECF No. 2. For the following reasons the Motion is **DENIED**, but the Court **ORDERS** that **Respondents may not remove Lala Barros from the United States or transfer him from this Division and District during the pendency of this case**. It is further **ORDERED** that Respondents show cause why the application for a writ of habeas corpus should not be granted.

**I.    BACKGROUND**

Lala Barros is an Ecuadorian citizen who entered the United States in 2004 and has lived here since. Pet. ¶¶ 19–20, ECF No. 1. On September 26, 2025, Lala Barros was taken into custody by Immigration and Customs Enforcement ("ICE"), and he is currently detained at the ERO El Paso Camp East Montana facility in El Paso, Texas. *Id.* ¶¶ 9, 12, 18. On an unspecified date, Lala Barros filed an asylum application, "which has been pending for numerous years." *Id.* ¶ 21. He is also eligible to apply for cancellation of removal. *Id.* ¶ 22. Lala Barros is a father of

two with no criminal history.  *Id.* ¶¶ 22–23.  He has not been given a bond hearing and claims he will not receive one without this Court's intervention.  *Id.* ¶ 89.

On October 22, 2025, Lala Barros filed a Petition for a Writ of Habeas Corpus, asking the Court to order his immediate release, or alternatively, order a bond hearing before an immigration judge.  *Id.* at 43.  Concurrently, Lala Barros filed a Motion, requesting a Temporary Restraining Order ("TRO") "compelling Respondents to release him from [ICE] custody" immediately.  Mot. 1.

## II.     DISCUSSION

### A.     TRO Request

To prevail on a TRO request, a movant must show: "(1) a substantial likelihood of success on the merits, (2) a substantial threat that [the movant] will suffer irreparable harm if the injunction is not granted, (3) that the threatened injury outweighs any damage that the injunction might cause the [non-movant], and (4) that the injunction will not disserve the public interest." *Nichols v. Alcatel USA, Inc.*, 532 F.3d 364, 372 (5th Cir. 2008) (citing *Planned Parenthood of Hous. & S.E. Tex. v. Sanchez*, 403 F.3d 324, 329 (5th Cir. 2005)).  "The last two factors merge when the government is the opposing party." *Nat. Ass. for Gun Rights, Inc. v. Garland*, 697 F.Supp.3d 601, 620 (N.D. Tex. 2023) (citing *Nken v. Holder*, 566 U.S. 418 (2009)).

"The purpose of a preliminary injunction [or TRO] is to preserve the status quo and prevent irreparable injury until the court renders a decision on the merits." *Sambrano v. United Airlines, Inc.*, No. 21-11159, 2022 WL 486610, at *4 (5th Cir. Feb. 17, 2022) (citing *Canal Auth. of Fla. v. Callaway*, 489 F.2d 567, 576 (5th Cir. 1974)).

1. **Immediate Release or Bond Hearing**

Lala Barros seeks a TRO compelling his immediate release or a bond hearing. Mot. 1–2. In support, Lala Barros cites this Court's recent decision in *Lopez-Arevelo*. *Id.* at 2 n.2 (citing *Lopez-Arevelo v. Ripa*, ---F. Supp. 3d ----, 2025 WL 2691828, at *7 (W.D. Tex. Sept. 22, 2025)). There, this Court ordered a bond hearing or immediate release as the ultimate relief, after giving the respondents an opportunity to file a brief in opposition and appear at a hearing to present evidence and argument—not on a preliminary, ex parte basis. *Lopez-Arevelo*, 2025 WL 2691828, at *3, 13.

Here, the current status quo is that Lala Barros is detained at the ERO El Paso Camp East Montana facility in El Paso, Texas. Mot. 1. Even crediting Lala Barros' likelihood of success on the merits of his Petition, at this juncture the Court can do no more than preserve that status quo. It cannot issue the ultimate relief requested until Respondents have an opportunity to respond. *See Sambrano*, 2022 WL 486610, at *4; *see also Texas v. United States*, 515 F. Supp. 3d 627, 631 (S.D. Tex. 2021) ("[T]he Court pauses to note a temporary restraining order is meant only to 'preserve, for a very brief time, the status quo, so as to avoid irreparable injury . . .'") (citations omitted).

For this reason, Lala Barros' TRO request for immediate release or a bond hearing is denied, without prejudice to his ability to obtain such relief following a full consideration on the merits.

2. **Transfer from District or Deportation**

In alleging harm, Lala Barros states he "has already been subjected to [] being transported across the country in ICE custody" and that without this Court's intervention he "will remain detained and potentially [be] moved again . . . ." Mot. 14. Although the Court cannot

3

grant the ultimate relief requested at this juncture, the Court can prevent Respondents from moving Lala Barros again, in the interest of preserving the status quo and the Court's ability to fully assess this case on the merits. *See United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) ("[T]he District Court had the power to preserve existing conditions while it was determining its own authority to grant injunctive relief."); *cf. Brownback v. King*, 592 U.S. 209, 218-19 (2021). Many courts, including this one, have prevented immigration habeas petitioners' removal from the country or transfer from the forum jurisdiction, until the petition can be fully considered. *See Santiago v. Noem*, No. 3-25-cv-361-KC, 2025 WL 2606118, at *2–3 (W.D. Tex. Sept. 9, 2025) (collecting cases). To ensure the Court's ability to meaningfully address Lala Barros's claim, the Court finds it necessary to do the same here. This Order is not issued as a TRO but instead under the Court's inherent power to preserve its ability to hear the case. *See, e.g.*, Order Concerning Service of Petition and Stay of Transfer or Removal, *Teixeira v. ICE Burlington*, No. 25-cv-11631 (D. Mass. June 5, 2025), ECF No. 5; *see also Alves v. U.S. Dep't of Just.*, No. 3-25-cv-306-KC, 2025 WL 2629763, at *5 (W.D. Tex. Sept. 12, 2025). Accordingly, Respondents may not transfer Lala Barros out of the El Paso Division of the Western District of Texas or remove him from the country during the pendency of this case.

Again, this Order is issued under the Court's inherent authority to preserve and assess its own jurisdiction, not as a TRO, but to the extent a bond may be required, it is waived. *See, e.g.*, *Sepulveda Ayala v. Noem*, No. 25-cv-5185, 2025 WL 1207655, at *4 (W.D. Wash. Apr. 26, 2025).

    **B.**    **Show Cause**

"[A]n alien [may] rely on 28 U.S.C. § 2241 to challenge [their] detention." *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001). Once a habeas application is filed, a court "shall forthwith

award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entailed thereto."  The statute also provides that a response to the writ or show cause order "shall be returned within three days," unless the court finds good cause to extend the deadline.  28 U.S.C. § 2243.

Notwithstanding the text of § 2243, the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") offer greater flexibility regarding response timelines.  Specifically, Habeas Rule 4 provides that, "[i]f the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response, *within a fixed time*." (emphasis added).

Although the Habeas Rules are primarily directed at § 2254 cases, they permit courts to apply them to habeas petitions filed under § 2241.  *See* Habeas Rule 1(b) ("The district court may apply any or all of these rules to [any] habeas corpus petition.").  District courts regularly exercise this discretion to apply the Habeas Rules to § 2241 cases and extend response deadlines beyond the three-day limit in § 2243.  *See, e.g.*, *Y.V.S. v. Wolf*, No. 3:20-cv-228-DCG, 2020 WL 4926545, at *1 (W.D. Tex. Aug. 21, 2020) (collecting cases and explaining that the "strict time limits prescribed by § 2243 . . . are subordinate to the district court's discretionary authority under [Habeas] Rule 4."); *Taylor v. Gusman*, No. 20-cv-449, 2020 WL 1848073, at *2 (E.D. La. Apr. 13, 2020) ("[T]he Rules Governing Section 2254 Cases overrun 28 U.S.C. § 2243.").

Upon due consideration, the Court determines that Respondents must show cause why the Court should not grant Lala Barros the relief he seeks.  Respondents are ordered to show cause by November 5, 2025.

### III. CONCLUSION

For the foregoing reasons, Lala Barros's Motion, ECF No. 2, is **DENIED**.

**IT IS FURTHER ORDERED** that Respondents **SHALL NOT** (1) remove or deport Lala Barros from the United States, or (2) transfer Lala Barros to any facility outside the boundaries of the El Paso Division of the Western District of Texas, until the Court orders otherwise or this case is closed.

**IT IS FURTHER ORDERED** that Respondents shall **SHOW CAUSE** by **no later than November 5, 2025**, why the application for a writ of habeas corpus should not be granted.

**IT IS FURTHER ORDERED** that Lala Barros may file a reply in support of his Petition by **no later than November 10, 2025**.

**SO ORDERED**.

SIGNED this 22nd day of October, 2025.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

6